### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET L. GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-888-M |
| | ) |
| INDEPENDENT SCHOOL DISTRICT | ) |
| NO. 2 OF CLEVELAND COUNTY, | ) |
| OKLAHOMA a/k/a MOORE PUBLIC | ) |
| SCHOOLS; | ) |
| DAVID PEAK, in his individual and | ) |
| official capacities; | ) |
| SUSIE PIERCE, in her individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is defendants' Motion to Compel Plaintiff to Answer to Certified Questions, filed October 25, 2005. On November 14, 2005, plaintiff filed her response, and on December 9, 2005, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

On August 3, 2005, plaintiff filed the instant action against defendants asserting claims under the Americans with Disabilities Act, the Family Medical Leave Act, and 42 U.S.C. § 1983, as well as various state law claims. On October 7, 2005, plaintiff's deposition was conducted. Defendants contend that plaintiff's deposition was terminated due to plaintiff's refusal to answer questions, plaintiff's counsel's discussions with her client during the deposition while questions were pending, and plaintiff's counsel's continuous suggestive speaking objections. Defendants now move this Court to order plaintiff to appear for the continuation of her deposition and to answer the questions in good faith, to order plaintiff's counsel to refrain from making suggestive objections and coaching

the witness, to order plaintiff's counsel to refrain from speaking with plaintiff during the deposition while questions are pending, and to sanction plaintiff and/or plaintiff's counsel for their conduct during the deposition.

Defendants attached a copy of plaintiff's deposition transcript to their motion to compel. Having carefully reviewed the transcript, the Court finds that plaintiff answered all of defendants' counsel's questions in good faith. The Court further finds that some of defendants' counsel's questions were vague and confusing and that plaintiff clearly was confused by those questions; however, plaintiff would seek clarification from defendants' counsel and would then answer the question posed, to the best of her ability. Additionally, the Court finds that plaintiff's counsel did not engage in any improper conduct. Specifically, having reviewed the transcript, the Court finds that plaintiff's counsel did not make suggestive speaking objections or otherwise coach plaintiff. Further, the Court finds that following the one and only time plaintiff's counsel spoke with plaintiff while a question was pending, plaintiff's answer to the pending question did not change from that given prior to any communication with her counsel. Finally, because the Court finds that defendants' motion to compel should be denied, the Court finds no sanctions are warranted.

Accordingly, for the reasons set forth above, the Court DENIES defendants' Motion to Compel Plaintiff to Answer to Certified Questions [docket no. 17].

**IT IS SO ORDERED this 18th day of January, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE