**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JANET L. GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-888-M |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 2 OF CLEVELAND COUNTY, | ) | |
| OKLAHOMA a/k/a MOORE PUBLIC | ) | |
| SCHOOLS; | ) | |
| DAVID PEAK, in his individual and | ) | |
| official capacities; | ) | |
| SUSIE PIERCE, in her individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is defendants' Motion to Compel, filed November 10, 2005.  On November

28, 2005, plaintiff filed her response, and on January 4, 2006, defendants filed their reply.

On or about September 6, 2005, defendants submitted their first set of interrogatories and

requests for production to plaintiff.  On or about October 10, 2005, plaintiff submitted her responses.

As part of their discovery requests, defendants sought the production of plaintiff's medical records,

as well as the execution of a medical authorization and an employment authorization.  In her

response, plaintiff stated that the medical records would be produced upon the entry of an

appropriate protective order and that defendants had not provided the medical or employment

authorizations they wanted executed.  On November 3, 2005, a protective order was entered by this

Court.  After the protective order was entered, plaintiff's counsel advised defendants' counsel that

she would be out of town but would produce the documents upon her return.  On November 10,

2005, defendants filed the instant motion requesting the Court to compel plaintiff to produce the

medical records and the executed authorizations.  On November 15, 2005, plaintiff provided

defendants with the executed employment authorization, and on November 23, 2005, plaintiff

produced the requested medical records and an executed limited medical authorization.

Local Civil Rule 37.1 provides, in pertinent part:

> With respect to all motions or objections relating to discovery
> pursuant to Fed. R. Civ. P. 26 through 37 and 45, this Court shall
> refuse to hear any such motion or objection unless counsel for
> movant first advises the Court in writing that counsel personally have
> met and conferred in good faith and, after a sincere attempt to resolve
> differences, have been unable to reach an accord.  However, no
> personal conference shall be required where the movant's counsel
> represents to the Court in writing that movant's counsel has conferred
> with opposing counsel by telephone and (1) the motion or objection
> arises from failure to timely make a discovery response, or (2)
> distance between counsels' offices renders a personal conference
> infeasible. . . .

LCvR 37.1.

In their motion, defendants state that plaintiff's counsel and defendants' counsel "have had

numerous conversations regarding the production of Plaintiff's medical records, Medical

Authorization and Employment Authorization.  This issue was discussed after the Joint Status and

Scheduling Conference on November 2, 2005."  Defendants' Motion to Compel at ¶ 1.  In her

response, plaintiff asserts that defendants did not engage in the personal conference required by

LCvR 37.1 to attempt to settle this discovery dispute prior to filing their motion.  In their reply,

defendants again assert that counsel for the parties have had various discussions regarding the

medical records and authorizations.[1]  In support of this assertion, defendants attach the affidavit of

---

[1]Defendants also assert that a personal conference is not required because their motion arises from the failure to timely respond to a discovery request.  Plaintiff, however, timely filed her responses to defendants' discovery requests, indicating that the subject documents would be produced upon entry of a protective order and defendants' production of the authorizations.  The

Timothy L. Martin; however, in Mr. Martin's affidavit, the only discussion referenced is the discussion after the status conference.

Having carefully reviewed the parties' submissions, the Court finds that the informal conference required by LCvR 37.1 was not conducted in the instant matter.  In her response to defendants' discovery requests, plaintiff stated that she would produce the requested medical records upon the entry of a protective order.  While the parties' counsel did have a discussion after the status conference, this discussion occurred prior to the protective order being entered in this case; the parties' counsel never again conferred regarding the medical documents or authorizations after the protective order was entered.[2]  Thus, the Court finds that defendants did not comply with LCvR 37.1 and that defendants' motion to compel should be denied on that basis.

Accordingly, the Court DENIES defendants' Motion to Compel [docket no. 24].

**IT IS SO ORDERED this 20th day of January, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

Court, accordingly, finds that a personal conference was required under LCvR 37.1.

[2]The Court believes that if the parties had conferred, most, if not all, of the issues would have been resolved.